**BRYAN CAVE LLP**
NAFIZ CEKIRGE (SBN 255710)
120 Broadway, Suite 300
Santa Monica, CA  90401
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200)
Email:        nafix.cekirge@bryancave.com

**GOODWIN PROCTER LLP**
Sabrina Rose-Smith (*pro hac vice*)
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444

Catalina Azuero (*pro hac vice*)
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231

Attorneys for Defendant
**BANK OF AMERICA CORPORATION**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIMI ASH and ROBERT T. ASH,<br><br>         Plaintiffs,<br><br>         v.<br><br>BANK OF AMERICA CORP. as Successor in Interest to Countrywide Financial Corp.; and DOES 1-20, INCLUSIVE,<br><br>         Defendants. | Case No. 2:10-cv-02821-KJM-KJN<br>Hon. Kimberly J. Mueller<br><br>**PROTECTIVE ORDER**<br><br>[Filed concurrently with Stipulated Protective Order] |

# PROTECTIVE ORDER[1]

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED THAT the following procedures shall be employed and the following terms, conditions, and restrictions shall govern with respect to all exchanges of documents and information made by any party to this case including all summaries, extracts and material derived from this case (hereinafter, "information") during discovery and other non-dispositive, pretrial proceedings:

1. This action involves, among other things, residential mortgage loan applications and residential mortgage loan data, and as such may require the disclosure of confidential financial data and related information. This Protective Order shall protect against the disclosure of such confidential and private information that should not be publicly available and shall govern any designated record or information produced in this action, including all designated motions and other papers submitted to the Court, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery.

2. This Protective Order shall govern the designation, handling and use of any "document" (defined herein as including documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition transcriptions, and any other information produced in discovery) which contains or comprises private, non- public information produced by any party produced to or for any of the parties.

/////

---

[1] This protective order shall govern discovery in the above-captioned matter; however, documents to be filed in this case are presumptively public. No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

3. Any document produced by any party as part of discovery in this action can be designated by the producing entity as "Confidential." Absent a specific order by the Court such document, once designated as such, shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function and such document shall not be disclosed to anyone except as provided herein. All such designations shall be based on the good faith belief that the document constitutes personal, non-public information; sensitive financial information or information that is confidential under federal, state or local law.

4. In order for documents to come within the provisions of this Protective Order, the producing party shall designate the documents, or portions thereof, which are considered confidential at the time such documents are produced by marking them "Confidential" or by notifying counsel for all parties to whom documents have been produced within 10 days of production that a particular document that has been produced is designated "Confidential." For deposition testimony, a party or his or her counsel shall invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or by designating the deposition transcript, or portions thereof, as "Confidential" within 14 days after counsel receives the deposition transcript. No person shall attend portions of the depositions designated "Confidential" unless such person is an authorized recipient of documents containing such confidential information under the terms of this Protective Order. Any court reporter who transcribes testimony of witnesses in this action at a deposition shall agree, before transcribing any such testimony, that all "Confidential" testimony is and shall remain confidential and shall not be disclosed except as provided in this Protective Order; that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such court reporter or delivered to attorneys of record or filed under seal with this Court.

5. If any document designated "Confidential" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such "Confidential" information shall be sealed and stamped as "Confidential" and access thereto shall be limited pursuant to the other terms of this Protective Order. If counsel subsequently designates

any deposition transcript, or portion thereof, as "Confidential" pursuant to paragraph 4, counsel shall inform the court reporter so that the court reporter will treat the transcript as "Confidential" pursuant to the terms of this Protective Order.

6. Documents marked "Confidential," or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated in any way only to (1) identified representatives of the parties, including an officer, director, partner, insurer, in-house counsel of a party or other employees of a party for the purpose of working directly on this action at the request or at the direction of counsel; (2) counsel for the parties or an employee of such counsel to whom it is necessary that the material be shown for purposes of this action; (3) third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this action; and (4) persons working under the auspices of any court in which a motion or application is pending pursuant to ¶¶ 10-13.

7. If an attorney for any party in this action desires to give, show, make available or communicate any document marked "Confidential" to any person who is not specifically authorized to have access to such document pursuant to paragraph 5, the requesting attorney will disclose to opposing counsel the name of the person to whom disclosure of the document is sought. The attorneys will then have ten days to negotiate the terms of disclosure to that person and, if no agreement can be reached, the party which marked the document "Confidential" will have ten days to file an appropriate motion with the Court, where all such motions shall be filed.

8. Each person permitted by the parties or their counsel to have access to documents marked "Confidential" pursuant to paragraph 6 of this Protective Order shall, before being afforded such access, read this Protective Order and agree to be bound by it by endorsing the certification on a copy of this Protective Order, which is attached hereto as Exhibit A. A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such documents have been given, which file shall, upon request, be available for inspection and copying by all other attorneys of record herein.

9. The parties agree that persons employed by the Court have no duty to the parties to protect or maintain the alleged confidentiality of any Information in any papers filed with such Court.

10. For applications and motions to the Court in which a party submits confidential information, all documents designated "Confidential" which are submitted to the court shall be filed with that court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this case and an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope is submitted in connection with a pending motion and its contents are sealed pursuant to the terms of the attached Stipulation and Protective order. This envelope contains Confidential Information, and is not to be opened or the contents revealed to any person other than one working under the auspices of the Court before whom such motion or application is pending except by order of the Court.

The document shall indicate clearly which portions are designated to be Confidential. A copy of this Protective Order shall be submitted with the lodged materials. Materials lodged shall be returned by the court to the submitting party immediately after the hearing or as nearly as is otherwise practicable. Any and all Confidential documents shall then be kept either by the submitting party or by a safe independent depository for the duration of the action.

11. Any court hearing which refers to or describes documents designated "Confidential" shall in that court's discretion be in camera.

12. After making reasonable efforts to resolve the issue informally, any party may make an appropriate application to the Court for a ruling that certain documents designated "Confidential," or the information therein, are not entitled to such status or protection under the provisions of this Protective Order. Any documents designated "Confidential" which are exhibits to such a motion shall be filed in accordance with paragraph 10 of this Protective Order.

13. Documents designated "Confidential" pursuant to this order shall be introduced into evidence at trial only under appropriate order by the Court or by agreement of the parties pursuant to paragraph 7 and footnote 1.

14. If any confidential material, information or data obtained, derived or generated therefrom, is sought through discovery from any of the plaintiffs by any party in any other judicial or administrative proceeding, each such plaintiff agrees that he, she or it will immediately notify opposing counsel so as to permit the producing party to seek a protective order from the appropriate Court.

15. Nothing in this protective order shall limit any party from the use of its own documents nor prevent any party from disclosing its own confidential information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this protective order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

16. By endorsing this Protective Order, no party is admitting or acknowledging that any information or document, including that described therein, is properly discoverable or admissible in evidence, and each party specifically reserves the right to object to any discovery requests made in accordance with the Federal Rules of Civil Procedure.

17. The attorneys of record for the parties are in accord with the above terms of this Protective Order as acknowledged hereafter by their signatures, and have requested this Court to enter this Protective Order.

18. The terms of this Protective Order shall apply to all manner and means of discovery, including, but not limited to, inspection of books, records, and documents.

19. This Protective Order shall be effective from the date of entry of the Protective Order.

20. This Protective Order shall not have retroactive application and shall only apply to information produced on or after the date of entry of the Protective Order.

21. Upon termination of this litigation, the originals and all copies of designated documents shall be turned over to producing counsel or disposed of in some other manner that is mutually agreeable among the parties.

/////

22. The termination of proceedings in this action shall not thereafter relieve the parties from the obligation of maintaining the confidentiality of all documents designated "Confidential" which are received pursuant to this Protective Order; provided, however, that this paragraph shall not apply to any material which is or becomes publicly available.

Dated: July 20, 2012

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

I agree to be bound by the Protective Order in the matter of *Ash v. Bank of America, N.A., et al.*, Case No. 2:10-cv-02821-KJM-KJN, in the United States District Court for the Eastern District of California. I have read the Protective Order and understand and agree to its terms and conditions. I further hereby submit myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Protective Order.

Dated: _____

_____
Signature

_____
Name

_____
Address