UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIMI ASH; ROBERT ASH, | No. 2:10-cv-02821-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| BANK OF AMERICA CORP., | |
| Defendant. | |

This matter is before the court on plaintiffs' motion for leave to file a second amended complaint. (ECF 59.) The court decided this matter on the papers. For the reasons below, plaintiffs' motion is DENIED.

I.  ALLEGED FACTS AND PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint on October 19, 2010 (ECF 2) and their First Amended Complaint ("FAC") on November 16, 2010 (ECF 9). Plaintiffs bring eleven causes of action arising from foreclosure on their real property, including trespass, intentional infliction of emotional distress, fraud, and breach of contract. This court's scheduling order, issued on June 16, 2011, set the deadline for amended pleadings as September 2, 2011. (ECF 27 at 1.) Plaintiffs filed the instant motion to amend to add a claim for wrongful eviction on August 27, 2013. (ECF 59.) Defendant Bank of America opposed on September 13, 2013 (ECF 64), and plaintiffs replied on September 20, 2013 (ECF 67).

1

## II.     STANDARD

A party seeking leave to amend pleadings after the deadline specified in the scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609. Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, *id.*, and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

If good cause exists, the party next must satisfy Rule 15(a). *Cf. Johnson*, 975 F.2d at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), for its explication of this order of operations). Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted).

## III.    ANALYSIS

Plaintiffs argue this court should grant their motion to amend because Federal Rule of Civil Procedure 15's standard liberally permits amendment. (ECF 59 at 3.) Plaintiffs assert this court's "second Scheduling Order" set the deadline for "all dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications" for

1  October 11, 2013.  (*Id.* (citing ECF 58).)  Since that second scheduling order issued on February
2  22, 2013, plaintiffs contend they have discovered an additional legal claim "arising from the same
3  set of facts presented in the original Amended Complaint" and have sought a stipulation from
4  defendant to permit amendment, but defendant refused.  (*Id.*)

5  Defendant argues among other things that plaintiffs have not shown "good cause"
6  for amendment under Rule 16(b).  (ECF 64 at 3.)  Plaintiffs have not explained why they
7  discovered the basis for this new wrongful eviction claim nearly three years after filing their First
8  Amended Complaint, defendant asserts.  (*Id.* at 5.)

9  As a threshold matter, this court finds that plaintiffs' motion first must satisfy
10  Federal Rule of Civil Procedure 16(b).  Plaintiffs have confused the deadline for amending
11  pleadings with the deadline for filing dispositive motions.  Because the court's deadline for
12  amendment to pleadings was September 2, 2011 (ECF 27 at 1), plaintiffs impliedly are seeking to
13  modify the court's scheduling order.  *Johnson*, 975 F.2d at 608–09.

14  Plaintiffs have not carried their burden under Rule 16(b).  Plaintiffs have not
15  shown they were diligent, something that must be shown not just in the preparation of the instant
16  motion, but in the prosecution of their entire case.  *See Johnson*, 975 F.2d at 609.  While
17  acknowledging that the wrongful eviction claim "aris[es] from the same set of facts presented in
18  the original Amended Complaint," (ECF 59 at 3), plaintiffs do not even attempt to explain why
19  they could not have pled this action several years ago when filing their First Amended Complaint.

20  Nor have plaintiffs carried their burden under Rule 15.  Plaintiffs allege in the First
21  Amended Complaint that defendant wrongfully foreclosed on the property at issue, broke into the
22  house, changed the locks, and removed plaintiffs' personal property.  (FAC ¶ 1.)  Plaintiffs'
23  attempt nearly three years later to add a wrongful eviction claim based on these same facts
24  without any explanation for their undue delay warrants denial of their motion.  *See*
25  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (an eight month
26  delay between the time of obtaining a relevant fact and seeking leave to amend is unreasonable
27  when "the moving party knew or should have known the facts and theories raised by the
28  amendment in the original pleading").

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend (ECF 59) is DENIED.

IT IS SO ORDERED.

DATED: October 11, 2013.

_____
UNITED STATES DISTRICT JUDGE